# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Charles Lewis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-213 |
| | ) | |
| City of St. Louis, Vernon Betts, | ) | |
| Jeff Carson, Charlene Deeken, | ) | |
| Kimberly Gardner, Dale Glass, | ) | |
| Unknown Assistant Circuit | ) | |
| Attorney, | ) | |
| Unknown Lieutenant I, | ) | JURY TRIAL DEMANDED |
| Unknown Lieutenant II, | ) | |
| Unknown Lieutenant III, and | ) | |
| Unknown Sheriff's Employee, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Charles Lewis, by and through his attorney, brings this Complaint for damages against Defendants City of St. Louis; Vernon Betts; Jeff Carson; Charlene Deeken; Kimberly Gardner; Dale Glass; Unknown Lieutenant I; Unknown Lieutenant II; Unknown Lieutenant III; and Unknown Sheriff's Employee, and states to the Court as follows:

## PARTIES

1.  Plaintiff Charles Lewis, at all times relevant to this lawsuit, was a resident of the City of St. Louis in Missouri.

2.  Defendant City of St. Louis is a municipal corporation in the State

1

of Missouri.

3.    Defendant Vernon Betts is the Sheriff of the City of St. Louis. He
      is named in his individual capacity.

4.    Defendant Jeff Carson is the Superintendent of the St. Louis
      Medium Security Institution. He is named in his individual
      capacity.

5.    Defendant Charlene Deeken is the Director of the Department of
      Public Safety of the City of St. Louis. She is named in her
      individual capacity.

6.    Defendant Kimberly Gardner is the Circuit Attorney of the City of
      St. Louis. She is named in her individual capacity.

7.    Defendant Dale Glass is the Commissioner of the Division of
      Corrections of the City of St. Louis. He is named in his individual
      capacity.

8.    Defendant Unknown Assistant Circuit Attorney is an Assistant
      Circuit Attorney of the City of St. Louis. This Defendant is sued in
      the Defendant's individual capacity.

9.    Defendant Unknown Lieutenant I is a corrections officer at the St.
      Louis City Justice Center. This Defendant is sued in the
      Defendant's individual capacity.

10.   Defendant Unknown Lieutenant II is a corrections officer at the

St. Louis City Justice Center. This Defendant is sued in the Defendant's individual capacity.

11.    Defendant Unknown Lieutenant III is a corrections officer at the St. Louis City Justice Center. This Defendant is sued in the Defendant's individual capacity.

12.    Defendant Unknown Sheriff's Employee is an employee of the St. Louis City Sheriff's Office. This Defendant is sued in this Defendant's individual capacity.

13.    Defendants are now and, at all times relevant to this lawsuit, were residents or municipal entities of the State of Missouri.

## JURISDICTION AND VENUE

14.    This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

15.    The causes of action for this lawsuit arose in the City of St. Louis in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

16.    The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution pursuant to 28 U.S.C. § 1331.

17.    The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claim arising under Missouri

3

law pursuant to 28 U.S.C. § 1367.

18.    Venue is appropriate in the Federal District Court of the Eastern

District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

19.    In or around May 2016, police officers with the St. Louis

Metropolitan Police Department arrested Plaintiff Charles Lewis.

20.    Plaintiff was charged with two counts of making terroristic

threats.

21.    Plaintiff denied that he made any such terroristic threats.

22.    Plaintiff was held at the St. Louis Medium Security Institution

pending trial.

23.    Plaintiff was represented in his criminal case by the St. Louis

City Public Defender's Office.

24.    Plaintiff had a trial on the charges against him in the City of St.

Louis in March 2017.

25.    Plaintiff continued to assert his innocence at trial.

26.    At trial, Plaintiff was acquitted of one count of making terroristic

threats. The jury was hung on the second count of making

terroristic threats, with ten jurors in favor of acquitting Plaintiff

and two jurors in favor of convicting him.

27.    After trial, Plaintiff was returned to the St. Louis Medium

4

Security Institution.

28. After trial, Plaintiff was not released on his own recognizance.

29. The Assistant Circuit Attorney for Plaintiff's case recommended that the Circuit Attorney's Office dismiss Plaintiff's remaining charge, but the Circuit Attorney's Office refused to do so.

30. The Assistant Circuit Attorney for Plaintiff's case was terminated by the Circuit Attorney's Office on or around May 4, 2017.

31. The Circuit Attorney's Office dismissed the charges against Plaintiff on May 15, 2017, through a Memorandum of Nolle Prosequi filed by Defendants Gardner and Unknown Assistant Circuit Attorney.

32. Despite his charges being dismissed, Plaintiff remained in the St. Louis Medium Security Institution.

33. Plaintiff's Public Defender was notified that the charges against Plaintiff had been dismissed on May 20, 2017.

34. Plaintiff's Public Defender saw that Plaintiff's name was still on the jail roster on May 22, 2017. She further verified with the St. Louis City Sheriff's Office and Defendant Unknown Sheriff's Employee that Plaintiff was still being held in the custody of the City of St. Louis.

35. On May 22, 2017, Defendant Unknown Sheriff's Employee told

Plaintiff's Public Defender that Plaintiff had a hold issued by Jefferson County.

36.  On May 22, 2017, Plaintiff's Public Defender called the Jefferson County court, and court staff informed Plaintiff's Public Defender that no hold was issued.

37.  Plaintiff's Public Defender checked the jail roster on May 23, 2017, and saw that Plaintiff was still in jail in the City of St. Louis.

38.  In or around May 2017, Plaintiff was moved from the St. Louis Medium Security Institution to the St. Louis City Justice Center.

39.  Plaintiff repeatedly told Defendants Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Lieutenant III that he should be released.

40.  While at the St. Louis City Justice Center, Plaintiff asked Defendants Unknown Lieutenant I and Unknown Lieutenant II, "Why am I being held?"

41.  Defendants Unknown Lieutenant I and Unknown Lieutenant II responded that Plaintiff had a hold from Jefferson County.

42.  Plaintiff told Defendants Unknown Lieutenant I and Unknown Lieutenant II that he was not subject to a hold from Jefferson County.

43.   Plaintiff was eventually released in May 2017 on or after May 23, 2017.

44.   For the duration of Plaintiff's stay at the Medium Security Institution, Plaintiff was subjected to poor conditions of confinement.

45.   Plaintiff had to reside in housing units where mold was visibly and obviously present on walls and ceilings for about a year.

46.   Plaintiff worked in the kitchen at the Medium Security Institution, where large amounts of mold were obviously present.

47.   Plaintiff resided in a housing unit where the ceiling was collapsing due to obvious sewage water leaks from the toilets on the floor above. The ceiling collapse occurred multiple times during Plaintiff's stay at the Medium Security Institution.

48.   Plaintiff was subjected to disease and unhygienic outbreaks, including scabies and lice outbreaks.

49.   Plaintiff was subjected to the obvious presence of asbestos insulation visible around pipes throughout the Medium Security Institution for about a year.

50.   Plaintiff was subjected to obvious bug and animal infestations for about a year, including roach infestations, snakes, spiders, and raccoons in the facility, including in Plaintiff's housing units.

51.   Plaintiff was subjected to obvious rat and mice infestations for
about a year, and rats would be present by Plaintiff's bed
regularly.

52.   Plaintiff was subjected to obviously unsafe temperature
regulation, including extreme hot and cold temperatures, for
about a year at the Medium Security Institution.

53.   Defendants Carson, Deeken, and Glass, have or had a
responsibility to maintain safe conditions for people detained at
the St. Louis City Medium Security Institution.

54.   Defendants Betts, Carson, Deeken, Glass, Unknown Lieutenant
I, Unknown Lieutenant II, Unknown Lieutenant III, and
Unknown Sheriff's Employee have a responsibility to determine
when people are supposed to be released from the custody of
Defendant City of St. Louis and to provide for their immediate
release.

55.   Defendants Gardner and Unknown Assistant Circuit Attorney
have a responsibility to communicate the dismissal of criminal
charges to the 22nd Judicial Circuit Court, to the St. Louis City
Sheriff's Office, and to those with direct custody over people
incarcerated by the City of St. Louis to ensure the immediate
release of innocent citizens.

56.    Defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to the incarceration and release of innocent citizens and people who have completed their sentences.

57.    Aside from Plaintiff, other people residing in corrections institutions in St. Louis City were unlawfully detained after charges had been dropped against them, including other clients of the Missouri State Public Defender System and another client of undersigned counsel.

58.    The Office of the Missouri State Public Defender for the City of St. Louis informed Defendants that people were being wrongfully detained in corrections institutions in St. Louis City.

59.    Defendants knew that innocent citizens and people who have completed their sentences were wrongfully imprisoned in the City of St. Louis.

60.    Defendants knew that they had failed to establish effective release procedures to ensure that Plaintiff and other similarly situated innocent citizens and people who had completed their sentences would not be wrongfully incarcerated.

61.    Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated innocent

citizens and people who had completed their sentences would not be wrongfully incarcerated.

62. Defendants knew that they had established a pattern or practice by which innocent citizens and people who had completed their sentences are wrongfully detained in St. Louis jails.

63. Defendants' failure to establish effective release procedures caused Plaintiff to be wrongfully incarcerated.

64. Defendants' failure to properly train staff caused Plaintiff to be wrongfully incarcerated.

65. Defendants' establishment of a pattern or practice by which innocent citizens and people who have completed their sentences are wrongfully detained in City of St. Louis jails caused Plaintiff to be wrongfully incarcerated.

66. Defendants' actions wrongfully deprived Plaintiff of his freedom and due process.

67. Defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to maintaining safe and sanitary conditions at the St. Louis Medium Security Institution and preventing pre-trial detainees from being punished.

68. Defendants knew that the conditions at the St. Louis Medium

Security Institution were unsafe and unsanitary, including the presence of mold, asbestos, disease and unhygienic outbreaks, wild animals, large bug infestations, rat and mice infestations, unsafe temperature regulation, and collapsing ceilings.

69. Defendants knew that they had failed to establish effective procedures to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsafe and unsanitary conditions and punishment.

70. Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsafe and unsanitary conditions and punishment.

71. Defendants knew that they had established a pattern or practice by which pre-trial detainees are subjected to unsafe and unsanitary conditions and punishment.

72. Defendants' failure to establish effective procedures to maintain safe and sanitary jail conditions caused Plaintiff to be subjected to punishment as a pre-trial detainee.

73. Defendants' failure to properly train staff caused Plaintiff to be subjected to punishment as a pre-trial detainee.

74. Defendants' establishment of a pattern or practice by which pre-

trial detainees are subjected to unsafe and unsanitary jail conditions caused Plaintiff to be wrongfully punished.

75. Defendants' actions wrongfully deprived Plaintiff of his right to be free from punishment as a pre-trial detainee.

76. Defendants' actions caused Plaintiff physical harm.

77. Defendants' actions caused Plaintiff severe emotional distress.

## COUNT I: VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

78. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

79. Count I applies to Defendants Betts, Carson, Deeken, Gardner, Glass, Unknown Assistant Circuit Attorney, Unknown Lieutenant I, Unknown Lieutenant II, Unknown Lieutenant III, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 80-89.

80. Plaintiff was incarcerated for at least eight days after the criminal charge against him was dismissed.

81. Plaintiff told Defendants Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Lieutenant III that he should have been released.

82.   Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

83.   Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

84.   Defendants were directly responsible for depriving Plaintiff of his freedom.

85.   Defendants acted under color of state law.

86.   Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his person.

87.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

88.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

89.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS UNDER 42 U.S.C. § 1983

90.  Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

91.  Count II applies to Defendants Betts, Carson, Deeken, Gardner, Glass, Unknown Assistant Circuit Attorney, Unknown Lieutenant I, Unknown Lieutenant II, Unknown Lieutenant III, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 92-101.

92.  Plaintiff was incarcerated for at least eight days after the criminal charge against him was dismissed.

93.  Plaintiff told Defendants Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Lieutenant III that he should have been released.

94.  Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

95.  Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

96.  Defendants were directly responsible for depriving Plaintiff of his freedom.

97.  Defendants acted under color of state law.

98.  Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by depriving him of his freedom without due process of law.

99.  Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

100.  In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

101.  Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT III: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO SANITARY JAIL CONDITIONS AND TO BE FREE FROM PRE-TRIAL PUNISHMENT UNDER 42 U.S.C. § 1983

102.  Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

103.  Count III applies to Defendants Carson, Deeken, and Glass,

referred to as "Defendants" in Paragraphs 104-22.

104.   Plaintiff was incarcerated for about a year at the St. Louis Medium Security Institution in 2016 and 2017.

105.   During his stay at the Medium Security Institution, Defendants subjected Plaintiff to continuous unsanitary conditions.

106.   Plaintiff was forced to stay in a mold-infested facility.

107.   Plaintiff was forced to stay in a bug-infested facility.

108.   Plaintiff was forced to stay in a rat and mice-infest facility.

109.   Plaintiff was forced to stay in a facility lacking safe temperature regulation and was subjected to extreme cold and heat.

110.   Plaintiff was subjected to disease and unhygienic outbreaks due to the unsanitary conditions of the Medium Security Institution.

111.   Plaintiff's conditions of confinement were unsanitary.

112.   Plaintiff's conditions of confinement posed a health and safety risk to Plaintiff.

113.   Defendants knew about these unsanitary conditions at the Medium Security Institution.

114.   Maintaining an unsanitary facility furthered no legitimate governmental purpose.

115.   Maintaining an unsanitary facility amounted to impermissible punishment of Plaintiff, who was a pre-trial detainee.

116. Defendants failed to alleviate these unsanitary conditions of confinement during Plaintiff's stay at the Medium Security Institution.

117. Defendants were directly responsible for depriving Plaintiff of his right to be free from punishment.

118. Defendants acted under color of state law.

119. Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by subjecting him to unsanitary conditions for several months.

120. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

121. In addition to wrongfully depriving Plaintiff of his right to be free from punishment, Defendants caused Plaintiff physical harm.

122. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IV: FALSE IMPRISONMENT UNDER MISSOURI

## STATE LAW

123. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

124. Count IV applies to Defendants Betts, Carson, Deeken, Gardner, Glass, Unknown Assistant Circuit Attorney, Unknown Lieutenant I, Unknown Lieutenant II, Unknown Lieutenant III, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 125-32.

125. Plaintiff was incarcerated for at least eight days after the criminal charge against him was dismissed.

126. Plaintiff told Defendants Unknown Lieutenant I, Unknown Lieutenant II, and Unknown Lieutenant III that he should have been released.

127. Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

128. Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

129. Defendants had no legal justification to confine Plaintiff after his charge was dismissed.

130. Defendants' conduct was outrageous because of their evil motive

or reckless indifference to the rights of others.

131.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

132.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT V: FAILURE TO ESTABLISH POLICIES TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

133.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

134.   Count V applies to all Defendants named in this Complaint.

135.   Plaintiff was incarcerated for at least eight days after the criminal charge against him was dismissed.

136.   Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

137.   Defendants acted under color of state law.

138.   Defendants failed to use their authority to establish policies to

ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed, and to ensure that people who have served their sentences are immediately released from imprisonment.

139.   Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

140.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

141.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

142.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## <u>COUNT VI: FAILURE TO TRAIN STAFF TO ENSURE CITIZENS</u>

## <u>WOULD NOT BE WRONGFULLY IMPRISONED UNDER</u>

## <u>42 U.S.C. § 1983</u>

143. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

144. Count VI applies to all Defendants named in this Complaint.

145. Plaintiff was incarcerated for at least eight days after the criminal charge against him was dismissed.

146. Defendants failed to release Plaintiff from his imprisonment when his charge was dismissed.

147. Defendants acted under color of state law.

148. Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed, and to ensure that people who have served their sentences are immediately released from imprisonment.

149. Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

150. Defendants acted with malicious, intentional, or reckless and

callous disregard for Plaintiff's civil rights.

151.    In addition to wrongfully depriving Plaintiff of his freedom,
        Defendants caused Plaintiff physical harm.

152.    Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount
that is fair and reasonable, including compensatory damages, punitive
damages to deter Defendants from acting similarly in the future, attorney's
fees and costs, and for such other and further relief as this Court deems just
and proper.

## COUNT VII: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY CITIZENS ARE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

153.    Plaintiff incorporates by reference the preceding Paragraphs of
        this Complaint as if fully set forth herein.

154.    Count VII applies to all Defendants.

155.    Plaintiff was incarcerated for at least eight days after the
        criminal charge against him was dismissed.

156.    Defendants failed to release Plaintiff from his imprisonment
        when his charge was dismissed.

157.    Defendants acted under color of state law.

158.    Defendants, using their authority, have established a pattern or

practice whereby Plaintiff and other similarly situated innocent citizens are kept imprisoned even when criminal charges are dismissed, and whereby people who have served their sentences are kept imprisoned.

159.   Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

160.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

161.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

162.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VIII: FAILURE TO ESTABLISH POLICIES TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

163.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

164.   Count VIII applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 165-72.

165.   Plaintiff was incarcerated for about a year at the St. Louis Medium Security Institution and was never convicted.

166.   During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, wild animals, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, sewage water, and collapsing ceilings.

167.   Defendants acted under color of state law.

168.   Defendants failed to use their authority to establish policies to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

169.   Defendants' failure to establish effective policies caused the

violation of Plaintiff's civil rights, as detailed in Count III above.

170. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

171. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

172. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IX: FAILURE TO TRAIN STAFF TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

173. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

174. Count IX applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 175-82.

175. Plaintiff was incarcerated for about a year at the St. Louis Medium Security Institution and was never convicted.

176. During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, wild animals, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, sewage water, and collapsing ceilings.

177. Defendants acted under color of state law.

178. Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

179. Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Count III above.

180. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

181. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

182. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's

fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT X: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY PRE-TRIAL DETAINEES ARE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

183.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

184.   Count X applies to Defendants City of St. Louis, Betts, Carson, Deeken, Glass, and Unknown Sheriff's Employee, referred to as "Defendants" in Paragraphs 185-92.

185.   Plaintiff was incarcerated for about a year at the St. Louis Medium Security Institution and was never convicted.

186.   During Plaintiff's incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, rat and mice infestations, wild animals, disease and unhygienic outbreaks, unsafe temperature regulation, asbestos, sewage water, and collapsing ceilings.

187.   Defendants acted under color of state law.

188.   Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated pre-trial

detainees are subjected to unsanitary conditions and punishment.

189.   Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Count III above.

190.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

191.   In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm.

192.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Elad Gross*
Elad Gross #67125MO
Attorney at Law
5653 Southwest Ave.
St. Louis, MO 63139
Phone:  (314) 753-9033
Email: Elad.J.Gross@gmail.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of February, 2018, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.


<u>/s/ Elad Gross</u>
Elad Gross
Attorney at Law